■ JOHN TIPALDO, Appellant, v CHRISTOPHER LYNN et al., Respondents. [726 NYS2d 96] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered September 20, 2000, which, in an action under Civil Service Law § 75-b, the "whistleblowers' statute," by a former employee of the New York City Department of Transportation against the City, denied plaintiff's motion to amend the complaint so as to add a cause of action under 42 USC § 1983, unanimously affirmed, without costs.

The motion was properly denied absent any showing that it has ever been City policy or custom to permit retaliatory personnel actions against employees who report suspected wrongdoing in their agencies, or that the Commissioner and First Deputy Commissioner of plaintiff's agency, who allegedly made the decision to demote plaintiff and are named herein as defendants in their official capacities, have final policymaking authority with respect to personnel matters (see, City of St. Louis v Praprotnik, 485 US 112, 123, 128-130; cf., Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 441-442). Indeed, the City, after its Department of Investigation reported that plaintiff's demotion was retaliatory, offered to re-

instate plaintiff to the same or comparable position as that he held prior to the demotion, pay him the difference in salary caused thereby, and restore any lost benefits or seniority rights. We have considered plaintiff's other contentions and find them unavailing. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.